**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5595-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MARVIN EURE, JR., a/k/a
MARVIN EURIE and
MARVIN EURE,

     Defendant-Appellant.

_____

Submitted January 12, 2021 – Decided March 5, 2021

Before Judges Fisher and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 15-08-1860.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele A. Adubato, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Lucille M. Rosano, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Marvin Eure, Jr. pleaded guilty to conspiracy to commit murder, N.J.S.A. 2C:5-2, N.J.S.A. 2C:11-3, aggravated manslaughter, N.J.S.A. 2C:11-4(a), amended from the indicted charge of murder, and unlawful possession of a weapon, N.J.S.A. 2C:39-5(b), was sentenced and did not file a direct appeal but instead later filed a post-conviction relief (PCR) petition that was denied. He now argues:

> POINT I
>
> THE [PCR] COURT ERRED IN DENYING . . . DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM PLEA COUNSEL.
>
>     A.    LEGAL PRINCIPLES.
>
>     B.    FAILURE OF PLEA COUNSEL TO CONDUCT AN ADEQUATE INVESTIGATION.
>
>     C.    FAILURE TO INVESTIGATE ALIBI DEFENSE.
>
>     D.    FAILURE TO FILE ON APPEAL ON BEHALF OF DEFENDANT.
>
>     E.    FAILURE OF ATTORNEY TO GIVE PROPER ADVICE REGARDING DEFENDANT'S DECISION TO PLEAD GUILTY.

### F. FAILURE OF PCR COURT TO CONDUCT AN EVIDENTIARY HEARING.

Reviewing the PCR court's factual inferences drawn from the record and its legal conclusions de novo because it did not conduct an evidentiary hearing, State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016), we reverse and remand for an evidentiary hearing.

Defendant's claims that counsel failed to: appeal his conviction; review discovery with him; "ensure[] that he was fully cognizant of the elements and consequences of a guilty plea"; and pressured him to take an involuntary plea, are bald and belied by the record. During the plea colloquy, defendant had all discovery save for a copy of a polygraph he received that day and had reviewed discovery with counsel. The court and assistant prosecutor also reviewed the charges and plea agreement, including the sentence, dismissals and the rights defendant was waiving. Defendant confirmed no one pressured or coerced him to give up those rights; he did so voluntarily. He also stated no one forced, coerced or promised anything, other than what was stated on the record, that caused him to plead guilty. Furthermore, defendant has not set forth any arguments he would have made if an appeal had been filed.

A "defendant must allege specific facts and evidence supporting his allegations," State v. Porter, 216 N.J. 343, 355 (2013), and "do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie claim, State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). "Defendant may not create a genuine issue of fact, warranting an evidentiary hearing, by contradicting his prior statements without explanation." Blake, 444 N.J. Super. at 299. Defendant's bald averments, belied by the record, do not establish a prima facie claim. And, an evidentiary hearing is not to be used to explore PCR claims. See State v. Marshall, 148 N.J. 89, 157-58 (1997). As such, the PCR court properly denied an evidentiary hearing as to those issues.

Defendant did, however, submit certifications from Khalil Sykes and Jahson Coles who swore they were with defendant on the evening of the murder, which the State alleged to have occurred at approximately 11:28 p.m. The PCR court rejected defendant's contention that his trial counsel failed to investigate his alibi defense and interview an alibi witness because

> a careful review of the [alibi witnesses'] statements shows that . . . defendant would not have had an alibi from 11:00 p.m. to 12:50 a.m., the time when the crime is alleged to have occurred. As such, Mr. Sykes would not have been able to serve as an effective alibi witness. In his certification, Mr. Sykes says he went into his apartment at 11:00 p.m. leaving [defendant] in the car, and that he was not with . . . defendant from 11:15 p.m. to 12:50 a.m. The State alleges that the murder

occurred approximately at 11:28 p.m. when by the very account of his "alibi" witnesses they were not with him. According to Jahson Cole's certification, he was with . . . defendant until about 10:15 p.m. or 10:30 p.m. Therefore, he could not have testified about . . . defendant's whereabouts at the time of the murder. As such, there is nothing in the record to support that an alibi defense would have been successful at the time of trial and that based on his alibi he would have secured his release.

Coles certified defendant left Coles's home at 10:30 p.m. He swore defendant left with Sykes. Though Sykes certified he left Coles's house with defendant at 10:00 p.m., went to Wendy's before going to the Essex County jail and Delaney Hall to make deposits to commissary accounts, and then stopped at Sykes's home, where Sykes left defendant in the car until Sykes "came back out" around 11:00 p.m., the PCR court misapprehended that Sykes was not with defendant "from 11:15 p.m. to 12:50 a.m." Sykes certified after he re-joined defendant at 11:00 p.m., the two made their way to defendant's home, arriving at about 11:15 p.m. They did not go inside the house but went further down the block; defendant exited the vehicle and "was talking to a few people that he knew" while Sykes stayed in the car and "was on [his] phone." Sykes also certified they "stayed out there [until] about" 12:50 a.m. when they drove back to defendant's home. They sat in the car for ten minutes before defendant went

into his home.  Sykes drove home, arriving at 1:20 a.m.[1] when he let defendant know he had arrived.

Contrary to the PCR court's finding, the certifications evidence that Sykes was with defendant at the time of the alleged murder.  Defendant, therefore, established a prima facie case by presenting specific evidence of ineffective assistance of his counsel who he alleges did not interview the witnesses.  See Porter, 216 N.J. at 355.  The court should have conducted an evidentiary hearing regarding that issue.  See R. 3:22-10(b); State v. Preciose, 129 N.J. 451, 462-63 (1992).

The PCR court should not have considered defendant's admissions during the plea colloquy in light of his contention that he may not have made those admissions if his counsel had investigated the alibi defense.  When he gave up the right to present witnesses on his behalf, he did so without an investigation of the alibi witnesses.  Had that investigation been performed, defendant may not have waived that right.

Nevertheless, we do not suggest any factual findings and legal conclusions, leaving those to the PCR court to make after hearing from the witnesses produced at the evidentiary hearing and then perpending the

---

[1]  The certification sets forth the time as 1:20 p.m., an obvious typographical error considering the timeframe Sykes recounted.

Strickland-Fritz prongs.[2]  That includes whether defendant has shown "that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have [pleaded] guilty and would have insisted on going to trial.'"  State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (first alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)); see also State v. Gideon, ___ N.J. ___, ___ (2021) (slip op. at 14-16).  It also includes an assessment of the strength of the State's proofs.  See Gideon, ___, N.J. at ___ (slip op. at 23-24).

Thus the PCR court could again properly consider that:  defendant faced a minimum prison term of thirty years, all of it parole-ineligible, see N.J.S.A. 2C:11-3(b)(1), on the murder charge; his criminal record exposed him to a possible extended term of life in prison; and he accepted a plea deal calling for an aggregate twenty-year prison sentence, subject to the No Early Release Act,

---

[2]  To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), first by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687); then by proving he suffered prejudice due to counsel's deficient performance, Strickland, 466 U.S. at 687, 691-92; see also Fritz, 105 N.J. at 52.  Defendant must show by a "reasonable probability" that the deficient performance affected the outcome.  Fritz, 105 N.J. at 58.

N.J.S.A. 2C:43-7.2, which the sentencing court reduced to eighteen years, concurrent to his federal sentence, resulting in what the PCR court said was, in effect, a net six-year sentence on these State charges. We do not advocate for that repeated analysis; we note only that those circumstances can be validly considered. We leave it to the PCR court to determine if defendant met both Strickland-Fritz prongs.

Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION